Curia, per

DünkiN, Ch.
In the determination of the question submitted by this appeal, the Court can derive no light from the Chancery practice in Westminster Hall. Decrees are there enforced by proceedings against the person of the defendant. But the Act of Assembly in this State gives the party the process of fieri fiadas in addition to the ordinary remedy. Adopting the common law process, this Court would proceed on the same principles. Where the executor de son tort makes no defence, the judgment is, that the plaintiff do recover the debt and costs, to be levied out of the assets of the intestate, if the defendant have so much, jf not, then out of the defendant’s own goods. The decretal in this case directs that “the decree and interest should be levied on all and singular the assets of the intestate, which were in the hands of defendant at the commence-this suit, if the same should be sufficient,” otherwise, then of the proper goods and chattels of the defendant. This varies, both in form and substance, the common law execution. It is a part of the case that, after the suit was instituted against the defendant, the estate, or the principal part of it, passed into the hands of Edmund Rhett, Esq. who had, in the interim, taken out letters of administration, had sold part of the assets, and was distributing the same in due course of law. The decree was pronounced eighteen months or two years after he became administrator, and he was no party to the proceedings. The decretal order authorizes a levy on all the assets which were in the hands of the defendant at the institution of the suit, and which may, nevertheless, have since come to the hands of the rightful administrator. It is insisted on the part of the complainant, that the defendant, Hopkins, has left the State, and that the only fund on which she can rely for payment, is the estate of Givens, the original debtor. But the complainant should have made the rightful administrator a party before final decree, if she desired to reach the assets in his hands. As the practice is not well settled, it will be the object of the Court to aid her, so far as it can be effected without prejudice to the rights of others.
It is ordered and decreed that so much of the decretal order as authorizes a levy on any other assets than those which were in the hands of the defendant at the rendition of the decree, be set aside. It is further ordered, that the *185 complainant have leave, if she be so advised, to amend the proceedings, by making the administrator of Charles Givens, deceased, a party defendant, and to establish her claim against the estate in the usual ‘form.
Johnston and Caldwell, CC. concurred.
Dargan, Ch. absent at the hearing.